**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00926-GPG

TIFFANY GRAYS,

      Plaintiff,

v.

RICO MUNN,
ELIZABETH FRANCIS,
MICHAEL W. SCHREINER,
CARI ROBERTS,
ZACHERY SAMPLES,
DAVID WALLER,
NICHOLAS KLOBERDANZ,
GREGORY CAZZELL,
UNKNOWN APS SECURITY OFFICER,
BRANDON EYRE,
UNKNOWN APS CO-CONSPIRATORS,
THE CITY OF AURORA,

      Defendants.

---

ORDER TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Tiffany Grays, who resides in Aurora, Colorado, has filed *pro se* an Amended Verified Complaint.   (ECF No. 6.)   Plaintiff has been granted leave to proceed under 28 U.S.C. § 1915.   (ECF No. 4.)

The Court construes the Amended Verified Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520- 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For

the reasons further explained below, the Court directs Plaintiff to submit a second amended complaint in compliance with this Order.

## I.     The Amended Verified Complaint

Plaintiff's complaint is not a model of clarity.   Plaintiff states she is an African American female and parent of two daughters who, until 2018 or 2020, were enrolled in Aurora Public Schools.   (ECF No. 6-2 at 5.)   Plaintiff states her dark-skinned, African American daughter attended Aurora Frontier P-8 School ("Aurora Frontier").   (*Id.* at 8, ¶ 23.)   Plaintiff alleges the "catalyst" for her claims occurred on May 2, 2018, the White Aurora Frontier principal, Defendant Kirkley, suspended Plaintiff's daughter "for what was originally stated to be physical contact with another student, but was later changed to detrimental behavior."   (*Id.* at 9, ¶ 24.)   Plaintiff pursued and eventually won a reversal of the decision through the Aurora Public Schools ("APS") Board of Education ("BOE").   (*Id.*)   Plaintiff alleges continuing events involving the defendants and asserts the following ten claims for relief, seeking money damages, as well as injunctive and declaratory relief.   (*See, generally*, ECF No. 6-2.)

Count 1 is asserted pursuant to 42 U.S.C. § 1981.   Plaintiff alleges she was removed from the APS BOE meeting on February 16, 2021, which violated her First, Fifth, and Fourteenth Amendment rights, as well as various Colorado laws.   (*Id.*, ¶ 51.) Plaintiff also alleges she was denied the ability to attend the March 24, 2021 BOE meeting in person.   (*Id.*, ¶¶ 55, 74.)

Count 2 is asserted pursuant to 42 U.S.C. § 1985.   Plaintiff alleges the defendants conspired to deprive her of her First, Fifth, and Fourteenth Amendment rights, as well as various Colorado laws.   (*Id.*, ¶¶ 66-67.)

In Count 3, Plaintiff appears to allege the defendants discriminated against her based on the denial of a public accommodation, pursuant to 42 U.S.C. § 2000a.   (*Id.* at 32-37.)

Count 4 is asserted pursuant to 42 U.S.C. § 1983.   Plaintiff alleges the defendants violated her rights by issuing no trespass directives on May 7, 2018, and August 24, 2018.   (*Id.*, ¶ 111.)

In Count Five, Plaintiff alleges Aurora's Ordinance Section 94-71(a)(4) violates the U.S. Constitution.   (*Id.* at 38-43.)

In Count 6, Plaintiff alleges the defendants discriminated against her in violation of the Colorado Constitution and/or Colo. Rev. Stat. § 24-34-601.   (*Id.* at 43-44.)

In Counts 7, 8, 9, and 10 Plaintiff asserts common law tort claims of defamation, breach of fiduciary duty, breach of contract, and outrageous conduct.   (*Id.* at 44-47.)

## II.   Legal Analysis

### A.   Rule 8 of the Federal Rules of Civil Procedure

The Amended Verified Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.   *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).   For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."   *Id.*   "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Plaintiff's responsibility to present her claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.   The Court does not require a long,

chronological recitation of facts.   Nor should the Court or defendants be required to sift through Plaintiff's allegations to determine the heart of each claim.   The Court also is not required to comb through the nearly 200 pages of exhibits Plaintiff has submitted to find matters that support her claims.   A complaint should only present the *alleged facts* in support of Plaintiff's claims and *need not include any documentary evidence*, which may be presented at a later point in the case.   While it may be appropriate (or even required) to attach some limited, relevant exhibits to the complaint, general evidentiary material should not be attached, as such documents do not take the place of factual allegations.   A defendant and the Court should be able to understand Plaintiff's claims and the facts supporting those claims from reading the main body of the complaint, not by reviewing and synthesizing the information contained in documents attached to the complaint.

Moreover, conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.   *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.

**B.    Statutes of Limitations**

It appears some of Plaintiff's claims are barred by the statutes of limitations. The statute of limitations is an affirmative defense.   *See* Fed. R. Civ. P. 8(c)(1). However, the court may dismiss a claim *sua sponte* on the basis of an affirmative

defense if the defense is "obvious from the face of the complaint," and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success."   *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

The applicable statutes of limitations for 42 U.S.C. §§ 1981, 1983, and 1985 claims in Colorado is two years.   *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (section 1983 claims); *Reynolds*, 69 F.3d at 1532 (section 1981 claims); *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010) (section 1985 claims).

The statute of limitations for defamation is one year.   *Sieverding v. Colorado Bar Ass'n*, No. 02–M0001950–OES, 2003 WL 22400218, at *24 (D.Colo. Oct. 14, 2003). Under Colorado law, actions for breach of fiduciary duty and breach of contract are subject to a three-year statute of limitations.   *Cypress Advisors, Inc. v. Davis*, No. 16-CV-01935-MSK-MEH, 2017 WL 3116289, at *10 (D. Colo. July 21, 2017) (breach of fiduciary duty); *Bank of Am., N.A. v. Dakota Homestead Title Ins. Co.*, 553 F. App'x 764, 766 (10th Cir. 2013) (breach of contract).   And the limitations period applicable to outrageous conduct claims is two years.   *Winkler v. Rocky Mountain Conf. of United Methodist Church*, 923 P.2d 152, 161 (Colo. App. 1995).

"Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues."   *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006).   Under federal law, a § 1983 claim accrues "when

6

the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal quotation marks omitted).

Here, Plaintiff alleges several of the events that give rise to her claims occurred in 2018 and 2019.   This action was commenced on April 15, 2022.   Therefore, it is obvious from the face of the complaint that claims related to events before April 15, 2019 may be time-barred under any of the statutes of limitations.

The next question is whether the statute of limitations may be tolled.   The State of Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted). For example, equitable tolling of a statute of limitations is appropriate "when plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so."   *Id.*   However, "statutes of limitation compel litigants to pursue their claims in a timely manner."   *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996).   Therefore, even if Plaintiff can demonstrate extraordinary circumstances or wrongful conduct that prevented her from filing a claim, she also must allege facts that demonstrate she diligently pursued her claims when possible.   *See* id. at 1097.   "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."   *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

### C.      Conspiracy Claim

Plaintiff asserts a claim under 42 U.S.C. § 1985(3), which relates to conspiracies to deprive a person of rights and privileges.   "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."   *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).   Conclusory allegations regarding a conspiracy are not sufficient to state an arguable claim under § 1985(3).   *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that conclusory allegations of a conspiracy are not sufficient).   Plaintiff must plead facts to state a cognizable § 1985 claim in the second amended complaint.

### D.      Discrimination Claim

"[42 U.S.C. §] 1981 prohibits racial discrimination in 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"   *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995) (quoting 42 U.S.C. § 1981). Plaintiff does not allege that Defendants discriminated against her on the basis of her race in relation to a contract or contractual relationship with the defendants.

### E.     Section 1983 Claims

Plaintiff asserts a vague claim under § 1983 "for the violation of the plaintiff's civil

rights to Due Process and Equal Protection Under the Law."   (ECF No. 6-2 at 2, ¶ 1.)

Her § 1983 claim appears to be related to events that occurred in 2018.   (*See id.* at 37,

¶ 111.)   To the extent Plaintiff's § 1983 claim is not barred by the statute of limitations,

"[l]iability under § 1983 requires personal participation in the unlawful acts."   *Beedle v.*

*Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005).   To establish personal participation,

Plaintiff must show that each individual defendant caused the deprivation of a federal

right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   "The elements necessary

to establish a § 1983 . . . violation will vary with the constitutional provision at issue."

*Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks

omitted).   Thus,

> [b]ecause § 1983 [is a] vehicle[] for imposing personal liability on
> government officials, we have stressed the need for careful attention
> to particulars, especially in lawsuits involving multiple defendants. **It
> is particularly important that plaintiffs make clear exactly *who*
> is alleged to have done *what* to *whom*, . . . as distinguished from
> collective allegations.** When various officials have taken different
> actions with respect to a plaintiff, the plaintiff' s facile, passive-voice
> showing that his rights ' were violated'  will not suffice. Likewise
> insufficient is a plaintiff' s more active-voice yet undifferentiated
> contention that ' defendants'   infringed his rights.

*Id.* at 1225-26 (internal citations and quotation marks omitted).

There must be an affirmative link between the alleged constitutional violation and

each individual defendant's participation, control, direction, or failure to supervise.   *See*

*Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   Supervisory officials

may not be held liable for the unconstitutional conduct of subordinates on a theory of

*respondeat superior*.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   To succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."   *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Plaintiff may use fictitious names, such as "John/Jane Doe," if she does not know the real names of the individuals who allegedly violated his federal rights.   However, she still must provide enough information about each Doe Defendant so the individual can be identified for service of process.   *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).   Sufficient information may include the date and time of the alleged violation, the job description of the defendant, the defendant's gender, physical description, and exactly what actions the defendant took.

Plaintiff must allege the personal participation of each named defendant in the second amended complaint to pursue claims against them.

### F.    Due Process Claim

The due process clause of the Fourteenth Amendment provides that " [n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1.    The due process clause has both a substantive and procedural component.   *Albright v. Oliver*, 510 U.S. 266, 272 (1994).   "Procedural due process ensures the state will not deprive a party of property without engaging fair

10

procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park Company v. Santa Fe Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).   It is unclear whether Plaintiff is asserting a violation of her procedural or substantive due process rights, or both.   For either claim, she must state facts to show that she was deprived of an interest in life, liberty or property.   *See Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).   Where a liberty interest exists, the second inquiry is "whether the procedures followed by the government in depriving [the inmate] of that interest comported with due process of law."   *Elliott*, 675 F.3d at 1244 (quotation omitted).

### G.   Equal Protection Claim

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'"   *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).   To state an arguable equal protection claim, a plaintiff must first make a "threshold showing" that he or she was treated differently than others with whom the plaintiff was similarly situated.   *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (internal quotation marks omitted); *see also Matelsky v. Gunn*, No. 00-7097, 15 F. App'x 686, 689 (10th Cir. July 19, 2001) (unpublished) ("In the absence of any specific allegations of differential treatment, the Equal Protection claim is patently inadequate

under any of the three equal protection theories—fundamental rights, suspect

classification, or "class of one"—and was properly dismissed as frivolous."); a*ccord

*Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in "class of

one" equal protection claim, the plaintiff must show that he "has been intentionally

treated differently from others similarly situated.").

　　　　To state a race-based equal protection claim, a plaintiff must sufficiently allege

that the defendant was motivated by racial animus.   *See Phelps v. Wichita Eagle-*

*Beacon*, 886 F.2d 1262, 1269 (10th Cir.1989) (citing *Village of Arlington Heights v.*

*Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)).   Conclusory allegations of

discriminatory motive fall short of stating an arguable claim for relief.   *See Green v.*

*Corrs. Corp. of Am.*, No. 10-3217, 401 F. App'x. 371, 376 (10th Cir. Nov. 8, 2010)

(unpublished) (conclusory allegations of racial motivation are insufficient to state an

equal protection claim).   *See also Hall,* 935 F.2d at 1110 (stating that courts need not

accept as true a pro se litigant's conclusory allegations).   Moreover, "[m]ere differences

in race do not, by themselves, support an inference of racial animus."   *Green*, 401 F.

App'x at 376 (internal citations omitted).

　　　　**H.    Claims Against City of Aurora**

　　　　To hold the City of Aurora liable under § 1983, Plaintiff must allege facts to show

that a municipal policy or custom exists and that there is a direct causal link between

the policy or custom and her alleged constitutional injury.   *City of Canton, Ohio v.*

*Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*,

151 F.3d 1313, 1316-20 (10th Cir. 1998).   Local government entities are not liable

under § 1983 solely because their employees inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton*, 489 U.S. at 385; *Myers*, 151 F.3d at 1316-20.   Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.   *See Monell*, 436 U.S. at 694.   Furthermore, absent an underlying constitutional violation by a municipal officer or employee, a local government cannot be held liable under § 1983.   *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009).

### I.       Denial of Public Accommodation Claim

Plaintiff asserts a discrimination claim based on the denial of a public accommodation under 42 U.S.C. § 2000a, which states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."   Plaintiff is advised that before filing suit under 42 U.S.C. § 2000a, she must give written notice of the alleged act of discrimination to the appropriate state or local agency.   *See* 42 U.S.C. § 2000a–3(c) (requiring thirty days' notice to appropriate agency when state law prohibits discriminatory practices in places of public accommodation); *see also White v. Denny's Inc.*, 918 F. Supp. 1418, 1423 (D. Colo. 1996).   Plaintiff does not allege or provide documentation to show that she filed a notice with the Colorado Civil Rights Commission before instituting this action.

Moreover, injunctive relief may be the exclusive remedy available to Plaintiff.   42 U.S.C. § 2000a-6 ("The remedies provided in this subchapter shall be the exclusive

13

means of enforcing the rights based on this subchapter[.]").   *See Gallegos v. Adams Cnty. Sch. Dist. 14*, No. 17-CV-00306-CMA-NYW, 2017 WL 4236320, at *4 (D. Colo. Sept. 25, 2017) (holding injunctive relief was only remedy against school district employees because the district has the authority to implement a court order as to its employees).

J.    **Claim for Discrimination Under Colo. Rev. Stat. § 24-34-601**

Plaintiff also asserts a claim for race and/or sex discrimination under Colo. Rev. Stat. § 24-34-601.   The Colorado Anti-Discrimination Act ("CADA") prohibits places of public accommodation, including "educational institutions," from directly or indirectly refusing, withholding, or denying "the full and equal enjoyment of [its] goods, services, facilities, privileges, advantages, or accommodations" based on an individual's race or sex.   *See* Colo. Rev. Stat. §§ 24-34-601(1)-2(a).   Within 60 days of the alleged discrimination, a plaintiff must file a charge of discrimination pursuant to § 24-34-3062 with the division or else "it shall be barred."   Colo. Rev. Stat. § 24-34-604.   Indeed, CADA commands that, "No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him" unless proving that exhaustion "would not provide timely and reasonable relief and would cause irreparable harm."   *Id.* § 306(14); *see also Brooke v. Rest. Servs., Inc.*, 906 P.2d 66, 72 (Colo. 1995) (holding that "section 24-34-306(14) was intended to require only that an individual claimant exhaust administrative remedies for claims brought pursuant to [CADA].").   Exhaustion is "a condition precedent to bringing an action in district court,

14

. . . and a right-to-sue letter will often serve as evidence that a party complied with this requirement."   *City of Colorado Springs v. Conners*, 993 P.3d 1167, 1169 n.3 (Colo. 2000) (citing Colo. Rev. Stat. § 24-34-306(14)).

In her second amended complaint, Plaintiff must address whether she has exhausted her administrative remedies prior to filing suit.

### K.    *Heck* Bar and Request for Relief

Plaintiff states she was found guilty of trespassing in 2019 (ECF No. 6-2 at 14) and "prays this Court will Condemn Sec. 94-71(a)(4) Aurora, CO Code of Ordinances and restore Plaintiff's reputation overturning [the] conviction of trespass on Plaintiff's record and direct Defendant's to request the removal from Plaintiff's criminal history forthwith" (*id.* at 43, § 128).   Under *Heck v. Humphrey*, 512 U.S. 477 (1994), if a civil judgment implies the invalidity of a criminal conviction or sentence, a cause of action under § 1983 does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.   *See Heck*, 512 U.S. at 486-87.   As explained in *Heck*, a § 1983 plaintiff may not recover "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid[.]"   *Id.*   In short, a civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the . . . suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

15

Moreover, to the extent Plaintiff asks this Court to vacate a state-court sentence, such relief may not ordinarily be granted in a § 1983 action.   Rather, Plaintiff must seek release in a habeas corpus proceeding.   "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."   *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   "Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."   *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions).

### L.      One Operative Pleading

Plaintiff must submit a single, completed second amended complaint on the court-approved Complaint form as <u>one document</u> that contains all claims and allegations.   Plaintiff is advised that the Court is not required to sort through multiple pleadings or attachments to ascertain the claims or compile the required information from multiple documents.   *See* Fed. R. Civ. P. 7(a) (allowing for one operative pleading filed in the pending action); see also D.C.COLO.LCivR 15.1(b) ("Unless otherwise ordered, the proposed amended or supplemental pleading shall not incorporate by reference any part of the preceding pleading, including exhibits.").   Extra pages may be attached to the court-approved form Complaint if additional space beyond that provided

16

in the form is needed to describe any claim or to provide support for a claim.   *See also* Instructions in Section D of Complaint Form ("If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS.").

III.   **Conclusion**

The Court directs Plaintiff to file a second amended complaint on the current Court-approved form that complies with Rule 8 of the Federal Rules of Civil Procedure and this Order.

Accordingly, it is

ORDERED that Plaintiff shall file, **within thirty (30) days from the date of this Order**, a second amended complaint that complies with this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain and use the court-approved Complaint Form (General Complaint), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint that complies with this Order within the time allowed, the action will be dismissed without further notice for the reasons discussed above.

DATED July 7, 2022.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge

17