IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **22-cv-00926-GPG**
(To be supplied by the court)

Tiffany Grays , Plaintiff

v.

See Attached ,

 ,

 ,

 , Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

SECOND AMENDED VERIFIED **COMPLAINT**

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Tiffany Grays   PO Box 472322 Aurora, CO 80047
(Name and complete mailing address)

720-623-1883  Legalgrays@gmail.com
(Telephone number and e-mail address)

B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  Rico Munn | Edu. Svcs. Center 1: 15701 E 1st Ave. Ste. 206, Aurora, CO 80011
(Name and complete mailing address)

303-365-7800 |  supt@aps.k12.co.us
(Telephone number and e-mail address if known)

Defendant 2:  Elizabeth Francis | 16500 Arapahoe Rd. Boulder, CO 80301
(Name and complete mailing address)
720.561.8091 | elizabeth.francis@bvsd.org

(Telephone number and e-mail address if known)

Defendant 3:  Michael W. Schreiner | 1800 Broadway, Suite 200 | Boulder, CO  80302
(Name and complete mailing address)

303-443-8010 | MSchreiner@celaw.com
(Telephone number and e-mail address if known)

Defendant 4:  Cari Roberts | 15701 E 1st Ave. Ste. 206, Aurora, CO 80011
(Name and complete mailing address)


(Telephone number and e-mail address if known)

## C.     JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

☒      Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 2000

☐      Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   Violations of 42 U.S.C. § 1981

Supporting facts:

49.     42 U.S.C. § 1981 guarantees equal rights under the law to all persons within the jurisdiction of the United States. In Hampton v. Dillard Dept. Stores, Inc. , 247 F.3d 1091, 1102 (10th Cir.2001), the Tenth Circuit set forth the elements of a § 1981 claim as follows: "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."

50.     Plaintiff a dark-skinned Black woman is a member of protected classes.

51.     Roberts through the unjust removal of Plaintiff from the public APS Board of Education meeting on February 16, 2021 continued to deprive Plaintiff's rights as but for Roberts' unjustified first no trespass based on Roberts' known false or should have been known to be false statements which deprived Plaintiff of her rights to freedom of free speech, due process, equal protections, and rights of personal security due to her race, and/or in retaliation for her active exercising her rights, or her child's rights to be educated in a safe learning enviroment in APS, violated Plaintiff's equal rights under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution, the Colorado Constitution, and Colorado laws C.R.S. 24-34-601(2.5) and C.R.S. 24-34-601 (2)(a). Roberts' motivation is race based as, similarly situated parents who were white were not trespassed from all APS properties.

(Claim One Continued on Additional Pages Attached D. Statement of Claims)

CLAIM TWO: _____ Violations of 42 U.S.C. § 1985 _____

Supporting facts:

62. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must show the following: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of laws, or of equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Griffin v. Breckenridge , 403 U.S. 88, 91, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).
63. The timeline of events substantiate the multiple conspiracies.
64. At all relevant times Samples, Waller, Kloberdanz, Unknown APS Security Officer, Unknown Conspirators, Cazzell, Munn, Eyre, Schreiner, and Francis joined an ongoing Civil Rights Conspiracy while they were acting under the color of law when depriving Plaintiff of her rights.
65. Roberts, Kloberdanz, Unknown Conspirators, conspired together to and thus did deprive Plaintiff of free speech, due process, equal protections, and rights of personal security in violation of the First, Fifth, and Fourteenth Amendments of the U.S. Constitution and the Colorado Constitution on May 07, 2018 when they worked together to issue the first trespass from all APS properties (ref exhibits) that was later rescinded by APS on May 17, 2018. (ref exhibits). Kloberdanz has conspired to violate Plaintiff's civil rights not only on February 16, 2021, but also on May 07, 2018, when Kloberdanz issued the later rescinded (Add trespass, report, rescind letter) yet instill catalytic first no trespass directive for all APS properties unless Defendant Cari Roberts provided Plaintiff permission; substantiated by the prolonged time from the Plaintiff's exit from Roberts' school to the issuance of the no trespass directive.
66. Defendants Munn, Eyre, Schreiner, Francis, and/or Cazzell conspired to and thus did deprive Plaintiff's rights afforded under the U.S. Constitution to deprive Plaintiff of free speech, due process, equal protections, and rights of personal security in violation of the First, Fifth, and Fourteenth Amendments of the U.S. Constitution and the Colorado Constitution with Eyre, Cazzell, and Schreiner on or about August 24, 2018 based on Schreiner's known false or should have been known to be false statements of Plaintiff, served a no trespass directive to Plaintiff for all APS properties in perpetuity requiring permission in perpetuity (Add no trespass), due to Plaintiff's race, color, sex, and/or in retaliation for her active exercising her rights, or her child's rights to be educated in a safe learning environment in APS, as other than Plaintiff, no one in the last 10 years has ever received such notice without have made verified threats to the safety of people on and property APS itself.
67. The plain language of the ordinance affirms Plaintiff's right to be upon the premises noted in the Summons and Complaint, as 15771 E 1st Ave, Aurora, CO 80011 is a public building where the public can address the government body, Aurora Public Schools Board of Education. This building does not have a principal, nor a teacher, nor a staff member. It is a building used to host public and private meetings. As the building has neither a principal, teacher, or staff member, the only way the Plaintiff could be charged is if "a person entrusted with the authority to maintain and supervise the property, told [Plaintiff] not to enter or after being told to leave." Sec. 94-71.(4) - Trespass. As no person entrusted to maintain and secure the property told Plaintiff to leave, Plaintiff held a right as member of the public to be upon said public property to address the public government body. This fact substantiated as the charge which prompted this complaint with the Division was dismissed for lack of evidence by the City of Aurora. (Exhibit E). Furthermore, Plaintiff was factually told not to enter by Caucasian Caplan and Ernest staff member Elizabeth Francis, who is in Boulder, Colorado, who is not a APS teacher, not a APS principal, APS staff member, or person who maintains and secures the building; making the instruction to not enter or to leave by or based upon said instruction by Elizabeth Francis, an abuse of discretion and authority; further substantiating the discriminatory retaliatory conduct of APS, Munn, Cazzell, Francis, Eyre, and Schreiner against Plaintiff.

(See additional pages attached for all other claims and continued Claim Two)

E.   **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

154. Plaintiff re-alleges the preceding paragraphs set forth above and incorporate them herein by reference. Plaintiff has suffered *inter alia*, severe emotional and mental distress as a result of the fraudulent behavior of the Defendants; all resulting in *inter alia* loss of life enjoyment, past and future pain and suffering, and an increased risk of harm. Past and future lost income, wages, and earnings.

See additional pages attached for continued Relief

F.   **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

/s/ Tiffany Grays, pro se
(Plaintiff's signature)

September 09, 2022
(Date)

(Revised December 2017)