

Charge No. P2100011863x

Tiffany Grays
P.O. Box 472322
Aurora, CO 80047                               Complainant

Aurora Public Schools
15771 E. 1st Avenue, #109
Aurora, CO 80011                               Respondent

## DETERMINATION

### Jurisdiction

Under the authority vested in me by C.R.S. § 24-34-306(2), I conclude from our investigation that there is insufficient evidence to support the Complainant's claims of discrimination. As such, a **No Probable Cause** determination is hereby issued.

The Respondent is a place of public accommodation within the meaning of C.R.S. § 24-34-601(1), as re-enacted, and the timeliness and all other jurisdictional requirements pursuant to Title 24, Article 34, Parts 3 and 6 have been met.

The Respondent is a public school district that operates in Colorado.

### Allegations and Defenses

The Complainant alleges that on or about February 16, 2021, she was denied full and equal enjoyment of the Respondent's place of public accommodation, based on her race/color (African American/black) and/or in retaliation for engaging in protected activity.

The Respondent denies the Complainant's allegations of discrimination and retaliation and avers that the Complainant is welcome at any of its locations/events, as long as she abides by the terms of her trespass notice.

### Relevant Policies and Comparative Data

The Respondent maintains an anti-discrimination policy that prohibits discrimination based on various protected classes, expressly including race and color.

1560 Broadway Street, Suite 825, Denver, CO 80202   P 303.894.2997   F 303.894.7830  www.dora.colorado.gov/crd

The Respondent asserts that it does not deny individuals goods, services, benefits, or privileges in a discriminatory manner.  The Respondent asserts that it does not track denial of services; as such, there is no relevant comparative data available.  However, the Respondent notes that in the past 36 months, it denied services to multiple individuals for trespassing on its premises.  The Respondent states that the Complainant is welcome at its premises and at Respondent-sponsored events, as long as she obtains advanced permission to be in public from the Respondent's counsel.

## Legal Framework

1. The Complainant has the burden of proving each element of a prima facie case by a preponderance of the evidence.
2. If the Complainant establishes a prima facie case, there is a presumption of unlawful discrimination.  The burden shifts to the Respondent to articulate a legitimate, non-discriminatory reason for its action.
3. If the Respondent provides a legitimate, non-discriminatory reason for its action, the burden shifts back to the Complainant to show by a preponderance of the evidence that the legitimate reason asserted by the Respondent is pretext (i.e., unworthy of belief). Pretext may be proven by showing:
    a. evidence that the Respondent's stated reason for the adverse action was false;
    b. evidence that the Respondent acted contrary to policy; or
    c. evidence of different treatment of similarly situated persons.

In general, a burden-shifting framework of proof applies in discrimination cases, which requires both the Complainant and the Respondent to prove specific elements of each claim. If the Complainant meets the burden of proving the initial elements of a claim ("prima facie case"), then the burden shifts to the Respondent to justify the action challenged by the Complainant. If the Respondent is able to provide a legitimate, non-discriminatory reason for the action taken, the burden shifts back to the Complainant to prove that the reason asserted by the Respondent is merely a pretext or cover-up for discrimination.  Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo. 1997); Ahmad Bodaghi and State Board of Personnel, State of Colorado v. Department of Natural Resources, 995 P.2d 288 (Colo. 2000).

## Analysis

Denial of Full and Equal Enjoyment of a Place of Public Accommodation - Race/Color:

1. The Complainant is a member of a protected class;
2. The Respondent is a place of public accommodation;
3. The Complainant sought goods, services, benefits or privileges from the Respondent;

2

4. The Respondent provides the goods, services, benefits or privileges sought by the Complainant to other persons;
5. The Respondent refused to provide the Complainant the goods, services, benefits or privileges sought by the Complainant; and
6. The circumstances give rise to an inference of unlawful discrimination based on a protected class.

The evidence supports that the Complainant is a member of protected classes on the basis of her race/color (African American/black).  The Respondent is a school district that offers its services to the general public, and therefore, is a place of public accommodation.  The evidence supports that the Respondent offers to the general public the services, benefits, or privileges sought by the Complainant.

The record shows that on or about February 6, 2021, the Complainant notified Claudia Paz-Blossick ("Paz-Blossick") (race/color unknown), Assistant to the Board of Education ("Board"), that she would be addressing the Board in person during a regular meeting set for February 16, 2021 at the Respondent's administrative building.  Paz-Blossick was unaware of the no trespass directive issued against the Complainant[1] and confirmed the Complainant's in-person participation at the Board meeting in her February 8, 2021 email to the Complainant.  On or about February 11, 2021, Gregory Cazzell ("Cazzell") (race/color unknown), Director of Safety and Security, received an email from Brandon Eyre ("Eyre") (race/color unknown), Legal Counsel, noting that the Complainant was directed by the Respondent to attend the Board meeting virtually and not to attend the meeting in person.[2]  The Respondent's records show that on or about February 12, 2021, Elizabeth S. Francis ("Francis") (Caucasian/white), outside Legal Counsel, emailed the Complainant advising her that because the trespass directive was still in effect, the Complainant did not have permission to attend the Board meeting in person and would have to participate in the meeting via Zoom.  The Complainant did not respond to the email.  On the morning of the Board meeting, February 16, 2021, Francis reiterated the trespass directive to the Complainant because the Complainant informed the Respondent about her intention to attend the meeting in person, despite receiving Francis's first email.  In her second email, Francis warned the Complainant that she would be asked to leave the premises if she attempted to attend the Board meeting in person.  Notably, during her interview with the Division, the Complainant insisted that she did not recall receiving Francis's emails.

---

[1] The Respondent issued the directive on or about August 24, 2018 to restrict the Complainant's ability to enter its property/attend the events sponsored by the Respondent based on the Complainant's harassing and disruptive conduct towards the Respondent's staff.  These events are outside of the Division's jurisdiction as they occurred more than 60 days before the filing of this instant complaint, and, as such, will not be analyzed.

[2] On or about February 16, 2021, Cazzell briefed the Respondent's Security supervisors that the Complainant would attend the Board meeting in person that evening, directing the security staff to ask the Complainant to leave the Respondent's property; if the Complainant refused to leave, the staff would need to contact the Aurora Police Department ("APD").

The record establishes that on or about February 16, 2021, the Complainant sought services, benefits, or privileges from the Respondent when she attempted to attend the Board meeting in person.  The Complainant alleges that the Respondent refused to provide her with the benefits or privileges she sought.  Specifically, the Complainant asserts that after she provided the email confirmation from Paz-Blossick, the Respondent's security staff prohibited her from attending the meeting in person.  The Respondent notes that the Complainant was allowed to attend the above meeting via Zoom.  The record shows that the Complainant was in the waiting area when multiple security staff members of the Respondent, including Cazzell, asked her to leave, which the Complainant refused.  Cazzell stated during his interview with the Division that he advised the Complainant that she had the option of attending the meeting by Zoom, which the Complainant declined.  After the Complainant refused to leave the premises, the Respondent's security team called the APD.  The Complainant declined to leave the facility with the APD present and was subsequently arrested.

The record does not support that any of the Respondent's actions were discriminatory in nature.  While the Complainant alleges that the Respondent's actions were motivated by her race/color, the evidence shows that the Respondent had a legitimate, non-discriminatory, and non-retaliatory reason not to have the Complainant attend the meeting in person, specifically, its trespass directive.  Moreover, the record demonstrates that the Complainant was invited to attend the Board of meeting via Zoom, which she declined.  Finally, the Respondent asserts that the Complainant is welcome at its premises/events, as long as she obtains advanced permission to attend from the Respondent's counsel.

As such, the evidence does not support unlawful discrimination based on the Complainant's protected classes.  Therefore, the circumstances do not give rise to an inference of unlawful discrimination based on a protected class.

<u>Retaliation: §24-34-601(2.5):</u>

1. The Complainant (or an individual within the Complainant's zone of interest) engaged in protected activity, i.e., opposed unlawful discrimination or participated in an investigation thereof;
2. The Complainant was subjected to adverse treatment that would dissuade a reasonable person from engaging in protected activity; and
3. There is a causal connection between the protected activity and the adverse treatment of the Complainant.

The Complainant asserts that she engaged in a protected activity in or around August 2018, when she complained about the Respondent's racial discrimination against black students.  The evidence shows that on or about February 16, 2021, the Complainant was scheduled to address the school Board about the purported disproportionate discipline of black students at the Respondent's schools.  The Complainant asserts that on the same day, the Respondent asked her to leave the premises without her

in-person address, which would dissuade a reasonable person from engaging in protected activity.  The evidence does not support that the Complainant was subjected to adverse treatment that would dissuade a reasonable person from engaging in protected activity.  First, over two years have passed between the Complainant's August 2018 protected activity and her attempt to attend the February 16, 2021 meeting in person, and there is insufficient evidence to establish a causal connection between those two events.  Secondly, the Respondent offered a legitimate, non-discriminatory, and non-retaliatory business reason for not allowing the Complainant to be on its premises, such as the trespass directive against her.  Notwithstanding the above, the Respondent allowed the Complainant to present via Zoom, which the Complainant declined to do.  Therefore, the evidence is insufficient to support a claim of discriminatory retaliation for engaging in protected activity.

Based on the evidence contained above, I determine that the Respondent has not violated C.R.S. § 24-34-601, *et seq.,* as re-enacted.

<u>Appeal and Dismissal Information</u>

In accordance with C.R.S. § 24-34-306(2)(b)(I)(A) and Rule 10.6(A)(1) of the Commission's Rules of Practice and Procedure, the Complainant may appeal the dismissal of this claim to the Commission within ten (10) days, as set forth in the enclosed form.

If the Complainant wishes to file a civil action in a district court in this state, which action is based on the alleged discriminatory or unfair practice that was the subject of the charge filed with the Division, such must be done:

      a.    Within ninety (90) days of the mailing of this notice if no appeal is filed with the Colorado Civil Rights Commission; or

      b.    Within ninety (90) days of the mailing of the final notice of the Commission dismissing the appeal.

If the Complainant does not file an action within the time limits specified above, such action will be barred and no State District Court shall have jurisdiction to hear such action.  C.R.S. § 24-34-306(2)(b)(I)(C).

On Behalf of the Colorado Civil Rights Division

<u>/s/ Courtney Longtin</u>                           <u>January 11, 2022</u>
Aubrey Elenis, Director                          Date
Or Authorized Designee