```
AURORA MUNICIPAL COURT
14999 E. Alameda Parkway
Aurora, Colorado 80012
```

| | |
|---|---|
| THE PEOPLE OF THE STATE OF COLORADO AND THE CITY OF AURORA,<br><br>vs.<br><br>TIFFANY GRAYS,<br>Defendant. | Summons No. J-242871 |

For the People:

ALEXA CHILD
Assistant City Attorney
14999 E. Alameda Parkway
Aurora, Colorado 80012
(303) 739-7810

For the Defendant:

Defendant appeared pro se

    Whereupon, the proceedings in this matter commenced in Division 3 of the Aurora Municipal Court, City of Aurora, Counties of Adams and Arapahoe, State of Colorado, on the 27th of November, 2018, before the HONORABLE BILLY STIGGERS, Judge of the Aurora Municipal Court.

```
 1                    P R O C E E D I N G S
 2            THE COURT:  Calling Tiffany Grays.
 3            THE DEFENDANT:  Good afternoon.
 4            THE COURT:  Good afternoon, ma'am.
 5            All right.  I think your case was dismissed
 6   and sealed.  What can I do for you?
 7            THE DEFENDANT:  So there's two
 8   discrepancies -- material discrepancies with the record
 9   at this moment.  And one has to deal with the record
10   indicating that the City Attorney's motion to dismiss
11   was granted, and it was actually the defendant's motion
12   to dismiss that was granted.  The City never filed a
13   motion to dismiss, nor responded to my motion to
14   dismiss.  It was my motion to dismiss that was granted.
15            The second and most important material defect
16   is the fact that the sealing document does not indicate
17   an arrest was made; therefore, the correct arresting
18   entities are not going to be notified.  And that needs
19   to be corrected.
20            THE COURT:  Okay.  All right.  It looks like
21   it was -- okay.  All right.
22            Was there an arrest number in this case?
23            COURTROOM ASSISTANT:  I can't even get in.
24            THE COURT:  Oh, because it's sealed.
25            THE DEFENDANT:  I have the bond paperwork
```

```
 1    that shows the arrest that was made.
 2              THE COURT:  Okay.  Let me see the bond
 3    paperwork.
 4              THE DEFENDANT:  Yes.  Let me . . .
 5              THE COURT:  Okay, ma'am.  This is not the
 6    bond paperwork.  Do you have your -- this is what I
 7    already have.  I need your bond paperwork where you
 8    bonded out, where they would have given you a bond
 9    return date.
10              THE DEFENDANT:  I can get that out of the
11    car, but this is the document I received from the Court
12    the day that it was dismissed.  Discharge of bond.
13              THE COURT:  Yeah, but it doesn't have an
14    arrest number on there.
15              THE DEFENDANT:  I can -- I think that's in
16    the car.  I can get that.
17              THE COURT:  Okay.  Get that, then, I mean,
18    that would just be the -- yeah, that would be the
19    arrest number that would need to be added on here.
20    Yeah, otherwise, because your case is sealed -- so this
21    is all I have for your case right now because it's
22    sealed.
23              THE DEFENDANT:  Uh-huh.
24              THE COURT:  So I don't have any information
25    about the arrest number.  Your case has been sealed, so
```

```
1   we can't get in the computer to see the arrest number,
2   which we normally would be able to do.
3           THE DEFENDANT:  Well, I was petitioning the
4   Court to unseal it, make these corrections, and then
5   reseal it.  So then the Court could get access to that
6   number as well.  But I can go and search my
7   documentation.
8           THE COURT:  Okay.  Yeah, if you could go.
9           THE DEFENDANT:  Okay.  I'll just come back
10  into the courtroom.
11          THE COURT:  Yes, ma'am.  Go see if you can
12  find that, and then come back --
13          THE DEFENDANT:  Okay.
14          THE COURT:  -- and we'll see what we can do.
15          THE DEFENDANT:  Thank you.
16          THE COURT:  You're welcome.
17          (WHEREUPON, other matters were heard and not
18          transcribed.)
19          THE COURT:  Recalling Tiffany Grays,
20  J-242871.  All right, ma'am.  I understand your bond
21  paperwork is on your laptop?
22          THE DEFENDANT:  Yeah, I scanned in a copy of
23  it.  I didn't bring the paper copy, but it's legible
24  and shows the number which you asked for.
25          THE COURT:  Okay.  If you'll hand it to my
```

1  bailiff and let me have the laptop and let me look at
2  it.
3              THE DEFENDANT: It is a touch screen, if you
4  prefer that method.
5              MS. CHILD: Your Honor, I know we were on
6  this case. May I ask what this is concerning? I don't
7  have the file, but I do know that we were on it.
8              THE COURT: Actually, I think we may need to
9  get your file. Ms. Grays is here. She has two issues.
10 We issued the order to seal her record. Her issue is
11 that it doesn't -- the order doesn't contain the arrest
12 number, which it doesn't look like we have the arrest
13 number on this.
14             And, in addition, her -- she's objecting to
15 the fact that the minute order states the City moves to
16 dismiss as opposed to her motion to dismiss. So she
17 wants it to reflect that it was her order -- or her
18 motion to dismiss.
19             MS. CHILD: What does the case history say?
20 If I can get a court screen printout --
21             THE COURT: Oh, it's sealed; so we don't have
22 anything.
23             MS. CHILD: When was it dismissed, Ms. Grays?
24             THE DEFENDANT: I don't know what your
25 concern is. I'm here to correct the record.

```
 1                MS. CHILD:  Well, I'm the City --
 2                THE DEFENDANT:  If you have questions about
 3     the record --
 4                MS. CHILD:  Ms. Grays.
 5                THE DEFENDANT:  -- maybe you should go get
 6     the record.
 7                MS. CHILD:  Ms. Grays.
 8                THE DEFENDANT:  Okay?  I'm here for a
 9     purpose.  And I'm going to conduct my business.
10                MS. CHILD:  Ms. Grays.
11                THE DEFENDANT:  I'm not answering to you.
12                THE COURT:  Ms. Child, it was dismissed on
13     November 19th.
14                MS. CHILD:  For lack of witness?
15                THE COURT:  It doesn't say why.  It just says
16     your office moved to dismiss.  It doesn't say lack of
17     witness, lack of evidence.
18                MS. CHILD:  Okay.  November 19th, was that a
19     Thursday?  I don't have a calendar in front of me.
20                THE COURT:  Yeah, it would have been last --
21     what day was the 19th?
22                COURTROOM ASSISTANT:  A Monday.
23                THE COURT:  Oh, it was last Monday.
24                MS. CHILD:  I don't have the file.  I can try
25     to find it, even though it is sealed.  Obviously, it
```

1 says in the Judge's notes the City moved to dismiss. I
2 mean, every defendant would like to move to dismiss if
3 they could --
4     THE DEFENDANT: I filed a motion with the
5 Court. Do not attempt to undercut and do not attempt
6 to lie.
7     THE COURT: Okay. Hold on, Ms. Grays. Don't
8 interrupt her. Let her speak.
9     MS. CHILD: I actually talked to Ms. Wood
10 about this case. I was given a heads-up. And the City
11 did move to dismiss and that motion was granted.
12     THE DEFENDANT: No, the City didn't.
13     MS. CHILD: I can try to find --
14     THE DEFENDANT: Where is your motion?
15     MS. CHILD: Would you like me to find the
16 file -- try to find it?
17     THE COURT: Yes.
18     MS. CHILD: Okay. If I could have the
19 summons number, I'll run upstairs.
20     THE COURT: It's J-242871.
21     MS. CHILD: J-242871?
22     THE COURT: Yes, -871.
23     MS. CHILD: Okay. I will be back in a few
24 minutes. If we can just pass this briefly, Judge.
25     (Pause in the proceedings.)

```
 1              THE DEFENDANT:  And, Your Honor, I was
 2   actually arrested at the Glendale and the Arapahoe
 3   Sheriff; so there's two arrest numbers.
 4              THE COURT:  From what you've shown me, I've
 5   only found one arrest number.
 6              THE DEFENDANT:  The one at the bottom, that's
 7   all I got from the Glendale Police Station, which shows
 8   a number of B2044193.  That's the only number I have
 9   from that.
10              THE COURT:  Okay.  That's not an arrest
11   number.  An arrest number is the 18-13182.
12              THE DEFENDANT:  So that would not be the same
13   as what was in the Glendale, being that they are an
14   Arapahoe County facility?
15              THE COURT:  Well, the arrest number I have --
16   that's not the arrest number.  It's 18-13182.  That's
17   the arrest number that's listed.
18              THE DEFENDANT:  Okay.  So that's what you
19   were -- I didn't know if there was an inmate number you
20   were looking . . .
21              THE COURT:  No.  It's an arrest number, not
22   an inmate number.
23              THE DEFENDANT:  Okay.
24              THE COURT:  Ms. Child, did you happen to find
25   the file?  Are you waiting for it?
```

1  MS. CHILD: I do have the file, Your Honor.
2  The defendant did submit a motion to dismiss. I was
3  skimming it right now. It was set for a motions
4  hearing. Before the motions hearing occurred, the City
5  moved to dismiss because the ordinance talks about --
6  let me see if I can find the note. What did I just do
7  with it?
8  The ordinance talks about public -- private
9  property or something. Here it is. School district
10  property is not private property and commercial
11  establishment -- or a commercial establishment. That's
12  why we dismissed it, because the ordinance specifically
13  says private property or commercial establishment.
14  School -- public school is neither.
15  So it never went to motions hearing. The
16  defendant's motion to dismiss was never granted by the
17  Judge. It was the City's motion, before the motions
18  hearing started, to dismiss, and that was granted.
19  THE COURT: Okay.
20  THE DEFENDANT: The motion hearing was
21  conducted and scheduled on November 19 based on my
22  filing of my motion to dismiss on October 29. And per
23  the transcript of that court record, the City dismissed
24  it because they did not have the proper ordinance,
25  according to that attorney that day. It was not per

```
 1    the City's motion to dismiss.  They were just not
 2    contesting my motion to dismiss.
 3              MS. CHILD:  That is not the case, Your Honor.
 4    We were contesting her motion; however, we found a
 5    different reason --
 6              THE DEFENDANT:  Within my motion it stated --
 7    what she just referred to was stated in my motion.
 8              THE COURT:  Hold on.  Let her speak.
 9              MS. CHILD:  -- why we would have been
10    unsuccessful at trial.  It was an oral motion.  As you
11    know, Judge, here in court -- in the Aurora Municipal
12    Court we usually do oral motions and not written
13    motions.  So it was an oral motion by the City, and the
14    defense motion was never ruled on.  On the 9th we
15    determined that we were going to dismiss it at the
16    motions hearing on the 19th.
17              THE DEFENDANT:  Your Honor, may I make a
18    statement?
19              THE COURT:  Just one moment.
20              Okay.  Go ahead, ma'am.
21              THE DEFENDANT:  I just filed a protective
22    order against the City of Aurora, Aurora Police
23    Department, and Aurora Public Schools.  I was arrested
24    and jailed on a trespassing warrant which was
25    subsequently issued based upon meritless accusations by
```

1  multiple members of Aurora Public Schools based on my
2  protected activity engaging in fighting the
3  discriminatory acts they keep continuing to propose
4  against my daughter and myself.
5      And the City is now supporting, again, their
6  error in judgment by issuing this trespass notice when
7  it clearly stated it was Aurora Public Schools property
8  and using the ordinance for private property. Okay?
9  It was clearly an error in judgment, which was
10 originally attempted as a felony, which needed criminal
11 activity, which there was no alleged criminal activity.
12     So just further evidence of the unethical and
13 unprofessional behavior by multiple members of this
14 City which I'm needing protection over. I filed that
15 on Friday in District Court and will be in court very
16 soon to hear that matter. On this day the City did not
17 file a motion, did not do an oral motion. They just
18 said they were not contesting my motion.
19     THE COURT: Okay. All right. Would the City
20 happen to have an arrest number? I mean, I have it, I
21 think. It's 18-13182, but I don't know if your file
22 shows one.
23     MS. CHILD: I don't think so. We should have
24 the warrant here, but I don't know if we do for some
25 reason. I don't think we have an arrest number,

1  Your Honor.

2  THE DEFENDANT: I have a copy of the warrant.
3  There's nothing on there as well.

4  THE COURT: Okay. All right. I'm just
5  thinking towards the end of the year, the arrest number
6  is 18-13182.

7  THE DEFENDANT: Would the Court order a
8  transcript of the hearing to determine whether it was
9  the City's or the defendant's motion?

10  THE COURT: Actually, I'll address that
11  first. As far as the way it goes with the motion to
12  dismiss, the Court ordered -- the Court states that it
13  was the City's motion to dismiss that was granted. So
14  that's what the order states right now.

15  So you have the motion to amend to have it
16  reflect -- to have it reflect that you made the motion
17  and it was your motion as opposed to the City's. At
18  this time I have -- the only thing I have to show it is
19  the Judge's notation. So right now it's your word
20  versus the City's word. So I'm going to deny your
21  motion to amend the minute order to reflect that it was
22  your motion to dismiss.

23  I'm going to deny it. I'm going to deny it
24  without prejudice. If you wish, you can re-bring up
25  the motion and it will be on you to order the

1  transcript and pay for the transcript. You can apply
2  to see if that could be waived, but it will be on you
3  to order the transcript, to listen to the transcript,
4  and then to re-bring up your motion to amend this
5  regarding that.
6  But at this time the Court order states what
7  it states. I have no other evidence against it other
8  than your word versus the City's word. So I have to go
9  with what the Court ordered. I can't overturn a
10  Judge's order -- another Judge's order just based off
11  of what you're saying on that.
12  So that's denied. If you wish to order the
13  transcript, you can, to provide further evidence.
14  THE DEFENDANT: I've already done that
15  THE COURT: I'm sorry?
16  THE DEFENDANT: I've already ordered the
17  transcript.
18  THE COURT: All right. Then review the
19  transcript, and then you can bring this motion back --
20  this motion back up.
21  So as far as it goes with the arrest
22  number -- yeah, as far as the arrest number, I want to
23  do an amended order to seal that contains the arrest
24  number. So we'll have -- you will have the arrest
25  number on there now.

```
1        THE DEFENDANT:  Okay.  And the arresting
2   agencies will be notified?  Because . . .
3        THE COURT:  Let's see who all was notified on
4   this.  Yeah, that was to the Arapahoe Sheriff.  They
5   will be notified.
6        THE DEFENDANT:  Cell texting is not allowed
7   in the courtroom.
8        MS. CHILD:  Ma'am.
9        THE DEFENDANT:  Ma'am.
10       You're not following the rules.
11       MS. CHILD:  I'm texting my supervisor --
12       THE DEFENDANT:  You're not following the
13  rules.
14       MS. CHILD:  -- about this case.  And I'm also
15  an employee of the City of Aurora.
16       THE DEFENDANT:  Still.
17       THE COURT:  Ma'am, that's not within your
18  authority to talk to her about that.
19       THE DEFENDANT:  Okay.
20       THE COURT:  Like I said, we're done now.
21       THE DEFENDANT:  Yep.
22       THE COURT:  Nothing else to do on this.
23       THE DEFENDANT:  They will have my updated,
24  amended sealing at the window?
25       THE COURT:  Yeah, I'll fill it out and
```

```
1    they'll have it there shortly.
2              THE DEFENDANT:  Thank you.
3              THE COURT:  You're welcome.
4              (WHICH were all the proceedings ordered in
5    the above-entitled matter this 27th day of November,
6    2018.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```